# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

ZACHARY ALEXANDER MORROW, as
Administrator of the Estate of Morris
Grier Morror, deceased,

                    Plaintiff,

vs.                                        Case No.  2:05-cv-295-FtM-34DNF
                                           Consolidated Cases

ISRAEL AIRCRAFT INDUSTRIES,
LTD., a foreign corporation, et al.,

                    Defendants.
_____/

## O R D E R

    **THIS CAUSE** is before the Court on Defendant Global Medical Management, Inc.'s

("Global Medical") Motions for Summary Judgment and Memoranda of Law in Support

Thereof, which were filed in several Member Cases on February 27, 2007.  See Case No.

2:06-cv-598-FtM-34DNF (Dkt. No. 55); Case No. 2:06-cv-599-FtM-34SPC (Dkt. No. 64);

Case No. 2:06-cv-603-FtM-34DNF(Dkt. No. 58) (collectively "Motions").[1]  Plaintiffs Amalia

Gonzalez Guevara and Giovanni Mairati filed responses in opposition to the Motions on

March 20, 2007.   See Case No. 2:06-cv-598-FtM-34DNF, Plaintiff Amalia Gonzalez

Guevara's Response in Opposition to Defendant Global Medical Management, Inc.'s Motion

for Summary Judgment and Memorandum of Law in Support Thereof (Dkt. No. 68);  Case

---

[1]        On June 20, 2007, the Court entered an Order consolidating the above referenced cases
for purposes of discovery and all other pretrial matters.  See Case No. 2:05-cv-295-FtM-34DNF, Order
(Dkt. No. 163; Order) at 2-3.

No. 2:06-cv-599-FtM-34SPC, Plaintiff Giovanni Mairati's Response in Opposition to Defendant Global Medical Management, Inc.'s Motion for Summary Judgment and Memorandum of Law in Support Thereof (Dkt. No. 74); Case No. 2:06-cv-603-FtM-34DNF, Plaintiff Giovanni Mairati's Response in Opposition to Defendant Global Medical Management, Inc.'s Motion for Summary Judgment and Memorandum of Law in Support Thereof (Dkt. No. 69) (collectively "Responses").  Subsequently, on April 4, 2007, Global Medical filed replies to the Responses.  See Case No. 2:06-cv-598-FtM-34DNF, Global Medical Management's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. No. 75); Case No. 2:06-cv-599-FtM-34SPC, Global Medical Management's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. No. 80); Case No. 2:06-cv-603-FtM-34DNF, Global Medical Management's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. No. 76) (collectively "Replies").[2]  Accordingly, the Motions are ripe for review.

## I.    Background

The instant actions arise from the July 2, 2004, crash of a Westwind jet aircraft departing from Tocumen International Airport in Panama City, Panama.  See Motions at 1-2; Responses at 2.  Plaintiffs Amalia Gonzalez Guevara and Giovanni Mairati, as executors of the estates of Santiago Velazquez Gonzalez, Alessia Mairati, and Paola DiGregorio, three individuals who were killed in the crash, filed complaints against Global Medical and several

---

[2]        Notably, the Motions, Responses, and Replies filed by the parties in each of the separate cases are virtually identical.  Thus, the Court will generally cite to these filings as Motions, Responses, and Replies instead of referring to the specific filings in each of the separate cases.

other defendants, including Air Trek, Inc. and Air Ambulance by Air Trek.  See generally Case No. 2:06-cv-598-FtM-34DNF, Complaint for Damages (Dkt. No. 2; Complaint 1), filed on November 3, 2006; Case No. 2:06-cv-599-FtM-34SPC, Complaint for Damages (Dkt. No. 2; Complaint 2), filed on November 1, 2006; Case No. 2:06-cv-603-FtM-34DNF, First Amended Complaint for Damages (Dkt. No. 2; Complaint 3), filed on November 6, 2006 (collectively "Complaints").[3]  According to the Complaints, the subject aircraft was owned and operated by Air Trek, Inc., and/or Air Ambulance by Air Trek.  See Case No. 2:06-cv-598-FtM-34DNF, Complaint 1 at 8; Case No. 2:06-cv-599-FtM-34SPC, Complaint 2 at 6; Case No. 2:06-cv-603-FtM-34DNF, Complaint 3 at 7. With respect to Global Medical, Plaintiffs allege that Global Medical committed negligence by: (1) "[f]ailing to properly arrange, plan, coordinate and oversee the flight"; (2) "[f]ailing to ensure that the proper aircraft and flight crew were utilized for the subject flight"; and (3) "[f]ailing to warn [the decedents] and others of the dangers posed by the inadequate aircraft and/or crew."  See Case No. 2:06-cv-598-FtM-34DNF, Complaint 1 at 16; Case No. 2:06-cv-599-FtM-34SPC, Complaint 2 at 12; Case No. 2:06-cv-603-FtM-34DNF, Complaint 3 at 15.

On March 6, 2007, Global Medical submitted an affidavit from Zaydee Capo ("AVP Capo"), the Assistant Vice President of Healthcare Services for Global Medical, in support of its Motions.  See Case No. 2:06-cv-598-FtM-34DNF, Defendant Global Medical Management, Inc.'s Notice of Filing Affidavit in Support of Motion for Summary Judgment

---

[3]        All of the above cases were transferred to this Court from the United States District Court for the Southern District of Florida.  See generally Case No. 2:06-cv-598-FtM-34DNF, Order Transferring Case (Dkt. No. 1), filed on November 3, 2006; Case No. 2:06-cv-599-FtM-34SPC, Order Transferring Case (Dkt. No. 1), filed on November 1, 2006; Case No. 2:06-cv-603-FtM-34DNF, Order and Opinion Transferring Case (Dkt. No. 1), filed on November 6, 2006.

(Dkt. No. 63), Affidavit of Zaydee Capo at 1-2; Case No. 2:06-cv-599-FtM-34SPC, Defendant Global Medical Management, Inc.'s Notice of Filing Affidavit in Support of Motion for Summary Judgment (Dkt. No. 71), Affidavit of Zaydee Capo at 1-2; Case No. 2:06-cv-603-FtM-34DNF, Defendant Global Medical Management, Inc.'s Notice of Filing Affidavit in Support of Motion for Summary Judgment (Dkt. No. 65), Affidavit of Zaydee Capo at 1-2 (collectively "Affidavit").  In the affidavit, AVP Capo represents that Global Medical "provides services to [its] insurance company clients by arranging medical services, referrals, medical case management services and policy administration support.  These services include assistance in arranging travel related services for the client's policy holders, including air evacuations."  See Affidavit at 1.  With respect to air evacuations, the affidavit explains that Global Medical provides its clients with the names of various air ambulance companies and the client chooses one of the companies and pays for the service.  See id. at 1.

According to AVP Capo, AFS, one of Global Medical's clients, requested Global Medical's assistance "in contacting and monitoring the medical care" of its insured Alessia Mairati, who was hospitalized in Ecuador.  See id. at 1; Motions at 2.  Global Medical worked with AFS by obtaining bids from various air ambulance companies, including Air Ambulance Professionals ("AAP"), for the air evacuation of Ms. Mairati to Italy.  See Affidavit at 1.  After Global Medical relayed the bid information to AFS, AFS authorized AVP Capo to inform AAP that it had been selected to perform the air evacuation of Ms. Mairati.  See id.  In addition to obtaining the bids, AVP Capo acted as an intermediary between AFS and AAP by "coordinating the service with AFS."  See id.  After "passing on information between [] AFS and AAP", AVP Capo did not participate in any other arrangements for the flight, and AAP

4

handled the "rest of the arrangements". <u>See</u> <u>id.</u> AVP Capo further attests that Global

Medical did not select the aircraft or pilot for the flight, and that he was not aware that AAP

had subcontracted the air evacuation to Defendant Air Trek, Inc. until after the aircraft had

crashed. <u>See</u> <u>id.</u> at 2. In addition, AVP Capo avers that Global Medical was not aware or

informed of any inadequacy or deficiency in the aircraft or the flight crew or any hazardous

or dangerous conditions related to the aircraft. <u>See</u> <u>id.</u>

## II.     Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is

appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact

and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

An issue is genuine when the evidence is such that a reasonable jury could return a verdict

in favor of the nonmovant. <u>See</u> <u>Mize v. Jefferson City Bd. of Educ.</u>, 93 F.3d 739, 742 (11th

Cir. 1996) (quoting <u>Hairston v. Gainesville Sun Pub. Co.</u>, 9 F.3d 913, 919 (11th Cir. 1993)).

The party seeking summary judgment bears the initial burden of demonstrating to

the court, by reference to the record, that there are no genuine issues of material fact to be

determined at trial. <u>See</u> <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).

Rule 56 of the Federal Rules of Civil Procedure permits the moving party to discharge this

burden with or without supporting affidavits. <u>See</u> Fed.R.Civ.P. 56(a), (b). "When a moving

party has discharged its burden, the non-moving party must then go beyond the pleadings,

and by its own affidavits, or by depositions, answers to interrogatories, and admissions on

file, designate specific facts showing that there is a genuine issue for trial." <u>Jeffery v.</u>

5

Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citation and quotations omitted).  In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

### III.   Discussion

In the Motion, Global Medical compares its role in the air evacuation to that of a travel agent or tour operator because it was not involved in the "planning, coordinating, or overseeing of the flight." See Motions at 2.  Global Medical notes that it cannot be held liable for negligence in the instant action unless it owed a duty of care to Plaintiffs which is a question of law for the Court. See id. at 4.  Moreover, Global Medical asserts that courts have generally found that travel agents and tour operators do not have a duty to (1) investigate the safety of instrumentalities that are not under their control or (2) issue warnings to travelers regarding hazardous conditions absent actual or constructive notice of these conditions. See id. at 4-5.  Global Medical maintains that, because it did not select the aircraft, the flight route, the flight crew, or the medical staff utilized on the flight, was not responsible for the operational control or airworthiness of the aircraft, and did not know of any hazardous condition that would impose a duty to investigate or issue a warning, it did not owe a duty of care to Plaintiffs. See id. at 2, 4-6.  Indeed, Global Medical asserts that its obligations relating to the operation of the flight and the airworthiness of the aircraft ended once the transportation was arranged. See id. at 6-7.

6

Plaintiffs respond that the Motions should be denied because they are premature as the parties have not exchanged initial disclosures and no discovery has occurred.  See Responses at 6-7.  They maintain that, given the lack of discovery that has taken place, they are unable to properly dispute any of the facts contained in AVP Capo's affidavit.  See id. at 3-4.  Specifically, Plaintiffs argue that they "can not be expected to properly respond to [Global Medical's] claims that it was not involved in the planning, coordination, and oversight of the subject flight and that it did not have any knowledge of any hazardous condition that would impose a duty to investigate or warn, without having an opportunity to conduct discovery as to the extent of [Global Medical's] involvement and knowledge - issues which are exclusively within [Global Medical's] knowledge."  Id. at 7.  Alternatively, Plaintiffs contend that the Motions are due to be denied as a matter of law.  See id. at 7-10.  In this regard, Plaintiffs reject Global Medical's comparison of itself to a travel agent or tour operator.  See id. at 7-9.  They assert that Global Medical had a more extensive relationship with its clients than a travel agent or tour operator has with its customers and the nature of Global Medical's business, namely, monitoring medical care, providing medical referrals, and arranging and coordinating medical services, imposes a higher duty on Global Medical than that imposed on travel agents or tour operators.  See id. at 8. In addition, Plaintiffs argue, even if Global Medical is found to hold a similar role as that of a travel agent or tour operator, tour operators may be held liable for failing to use reasonable care in selecting the providers of services to their customers.  See id. at 9.  They contend that, because AVP Capo does not address this issue in the affidavit, the Motion is due to be denied.  See id. at 9-10.

In its replies, Global Medical asserts that Plaintiffs have not demonstrated a need for further discovery because they have not contradicted the essential facts of the instant cases. See Replies at 2.  Moreover, to the extent the Court construes the Responses as a request for a continuance, Defendants contend that the request fails because Plaintiffs failed to present affidavits to the Court explaining their failure to respond to the Motions with supporting affidavits establishing genuine issues of material fact for trial.  See id. at 3.  In regard to Plaintiffs' contention that it cannot compare itself to a travel agent or tour operator, Global Medical argues that the comparison is valid as it arranged air travel but was not involved in the operation or control of the flight.  See id. at 5.

As noted above, Plaintiffs assert that discovery has not yet occurred in the instant cases.  See Responses at 2, 4, 6-7.  The Eleventh Circuit Court of Appeals has recognized that summary judgment should not be granted until the nonmovant has had an adequate opportunity for discovery. See Snook v. Trust Co. of Georgia Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988); WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988); see also Clairmont v. Sun Terminals, Inc., Case No. 06-61040-CIV-MARRA/JOHNSON, 2007 WL 646563, at *1 (S.D. Fla. Feb. 26, 2007).  Indeed, the Eleventh Circuit has stated that "[t]he party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." See Snook, 895 F.2d at 870.  Thus, the nonmovant should be permitted the opportunity to conduct discovery if the information sought during discovery would be relevant to the issues presented in the motion for summary judgment.  See id.  However, the nonmovant is

8

responsible for informing the district court of any outstanding discovery relevant to the issues raised.  See Cowan v. J.C. Penney Co., Inc., 790 F.2d 1529, 1530 (11th Cir. 1986).

Rule 56(f) of the Federal Rules of Civil Procedure provides that a district court may deny a motion for summary judgment or order a continuance to permit affidavits to be obtained or depositions to be taken if it appears from the affidavit of the party opposing summary judgment that he or she cannot present by affidavit facts essential to justify his or her position.  See Fed.R.Civ.P. 56(f).  The Eleventh Circuit has held that "the opposing party need not file an affidavit pursuant to Federal Rule of Civil Procedure 56(f) in order to invoke the protection of that rule because the written representation by [the opposing party's] lawyer, an officer of the court, is in the spirit of Rule 56(f) under the circumstances." Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1990) (internal quotations omitted) (alternation in original); see also Clairmont, 2007 WL 646563, at *1.  In addition, the Eleventh Circuit has  recognized that "the interests of justice will sometimes require a district court to postpone its ruling on a motion for summary judgment even though the technical requirements of Rule 56(f) have not been met."  See Snook, 859 F.2d at 871. Nevertheless, a nonmovant seeking the protection of Rule 56(f) may not rely on vague assertions that additional discovery will produce needed but unspecified facts, rather that party must demonstrate to the Court how postponement of the ruling will enable him to rebut the movant's contentions.  See Wallace v. Brownell Pontiac-GMC Co., Inc., 703 F.2d 525, 527 (11th Cir. 1983).

Upon consideration of the Motions, the Responses, and the Replies, the Court finds that the Motions are **due to be denied** at this time.  Plaintiffs should be afforded an

opportunity to engage in discovery so that they can determine whether they can dispute Global Medical's assertion that it was not involved in the "planning, coordinating, or overseeing" of the subject flight or aware of any hazardous conditions that would impose a duty to warn.  See Snook, 895 F.2d at 870.  In fact, Plaintiffs represent that, at the time they filed the Responses, they had not yet had an opportunity to determine through discovery whether they could rebut the statements made by AVP Capo in the affidavit.  See Responses at 3-4.  Moreover, the Court notes, upon review of the docket, that the Motions were filed before the Case Management Conferences were completed, and the Responses were filed less than two weeks after the completion of the Case Management Conferences.[4] Pursuant to Local Rule 3.05(c)(2)(B), United States District Court, Middle District of Florida (Local Rule(s)), Plaintiffs were not permitted to seek discovery from Global Medical prior to the Case Management Conferences.  Thus, Plaintiffs had little, if any, opportunity to engage in discovery prior to filing the Responses.  See WSB-TV, 842 F.2d at 1269 (finding that a district court's grant of summary judgment where plaintiffs had been afforded no opportunity for discovery was reversible error).

In addition, as Global Medical is relying on case law regarding the duty of care travel agents and tour operators owe to travelers to support its argument that it did not owe a duty of care to decedents, see Motions at 2, 4-5, Plaintiffs should be given a chance to gather information regarding the exact nature of Global Medical's role in the air evacuation so that

---

[4]       The Case Management Conferences occurred on March 7, 2007.  See Case No. 2:06-cv-598-FtM-34DNF, Case Management Report (Dkt. No. 69) at 2;  Case No. 2:06-cv-599-FtM-34SPC, Case Management Report (Dkt. No. 75) at 2; Case No. 2:06-cv-603-FtM-34DNF, Case Management Report (Dkt. No. 70) at 2.  As noted above, the Motions were filed on February 27, 2007, and the Responses were filed on March 20, 2007.

they can support their contention that this comparison is without merit.  Indeed, Plaintiffs have presented the Court with eleven specific fact issues that they will seek to develop during discovery relating to Global Medical's involvement in the air evacuation.  <u>See</u> Responses at 4.  While Plaintiffs have not filed affidavits to invoke the protection of Rule 56(f), the Court notes that, in the Responses, Counsel for Plaintiffs has informed the Court of the need for discovery.  <u>See</u> Responses at 4, 6-7; <u>see</u> <u>also</u> <u>Fernandez</u>, 906 F.2d at 570; <u>Cowan</u>, 790 F.2d at 1530.  Moreover, the Court finds that the discovery sought by Plaintiffs is relevant to their rebuttal of the arguments raised by Global Medical, <u>see</u> <u>Wallace</u>, 703 F.2d at 527, and necessary to provide an adequate record in this case, <u>see</u> <u>Snook</u>, 859 F.2d at 870.  Accordingly, it is

**ORDERED:**

1.     Defendant Global Medical Management, Inc.'s Motion for Summary Judgment and Memorandum of Law in Support Thereof (Dkt. No. 55), which was filed in Case No. 2:06-cv-598-FtM-34DNF, is **DENIED WITHOUT PREJUDICE**.

2.     Defendant Global Medical Management, Inc.'s Motion for Summary Judgment and Memorandum of Law in Support Thereof (Dkt. No. 64), which was filed in Case No. 2:06-cv-599-FtM-34SPC, is **DENIED WITHOUT PREJUDICE**.

3.     Defendant Global Medical Management, Inc.'s Motion for Summary Judgment and Memorandum of Law in Support Thereof (Dkt. No. 58), which was filed in Case No. 2:06-cv-603-FtM-34DNF, is **DENIED WITHOUT PREJUDICE**.

4.      Defendant Global Medical Management, Inc. may reassert and refile its motion after an adequate opportunity for discovery has occurred in the above cases.

**DONE and ORDERED** in Fort Myers, Florida, this 24th day of September, 2007.

MARCIA MORALES HOWARD
United States District Judge

lc3

Copies to:

Counsel of Record

12